| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

ANGELA PIRTLE

        Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

No. 2:16-cv-1080-KJN

ORDER

Plaintiff Angela Pirtle seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act").[1] In her motion for summary judgment, plaintiff principally contends that the Commissioner erred by finding that plaintiff was not disabled from September 4, 2012, the date that plaintiff's SSI application was filed, through October 21, 2014, the date of the administrative law judge's ("ALJ") final decision. (ECF No. 16.) The Commissioner opposed plaintiff's motion and filed a cross-motion for summary judgment. (ECF No. 17.) No optional reply brief was filed.

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes. (ECF Nos. 7, 10.)

1

After carefully considering the record and the parties' briefing, the court GRANTS IN PART plaintiff's motion for summary judgment, DENIES the Commissioner's cross-motion for summary judgment, and REMANDS the action for further proceedings consistent with this order pursuant to sentence four of 42 U.S.C. § 405(g).

I. BACKGROUND

Plaintiff was born in 1963; has a limited education; can communicate in English; and has no past relevant work. (Administrative Transcript ("AT") 22.)[2] On September 4, 2012, plaintiff applied for SSI, alleging that her disability began on May 1, 1977. (AT 14.) Plaintiff claimed that she was disabled due to her impairments of rheumatoid arthritis and lupus. (AT 264.) After plaintiff's application was denied initially and on reconsideration, an ALJ conducted a hearing on September 23, 2014, at which plaintiff, represented by counsel, and a vocational expert ("VE") testified. (AT 14, 30-54.) The ALJ subsequently issued a decision dated October 21, 2014, determining that plaintiff had not been under a disability, as defined in the Act, from September 4, 2012, the date plaintiff's SSI application was filed, through the date of the ALJ's decision. (AT 14-24.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on March 21, 2016. (AT 1-3.) Plaintiff subsequently filed this action on May 20, 2016, to obtain judicial review of the Commissioner's final decision. (ECF No. 1.)

II. ISSUES PRESENTED

Plaintiff raises the following issues: (1) whether the ALJ improperly weighed the medical opinion evidence; and (2) whether the ALJ erroneously discounted plaintiff's credibility.

III. LEGAL STANDARD

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record

---

[2] Because the parties are familiar with the factual background of this case, including plaintiff's medical history, the court does not exhaustively relate those facts in this order. The facts related to plaintiff's impairments and treatment will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

## IV. DISCUSSION

### A. Summary of the ALJ's Findings

The ALJ evaluated plaintiff's entitlement to SSI pursuant to the Commissioner's standard five-step analytical framework.[3] At the first step, the ALJ concluded that plaintiff had not

---

[3] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program. 42 U.S.C. §§ 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

3

engaged in substantial gainful activity since September 4, 2012, plaintiff's SSI application date. (AT 16.) At step two, the ALJ found that plaintiff had the following severe impairments: hepatitis C, rheumatoid arthritis, and systemic lupus erythematosus. (Id.) However, at step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AT 17.)

Before proceeding to step four, the ALJ assessed plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant can never climb ladders, ropes, or scaffolds. She can occasionally climb ramps or stairs. The claimant can occasionally balance, kneel, or crawl. The claimant is limited to frequent handling of objects, that is gross manipulation, and frequent fingering, that is fine manipulation. The claimant has to avoid concentrated use of hazardous machinery and concentrated exposure of unprotected heights.

(AT 17-18.) At step four, the ALJ determined that plaintiff had no past relevant work. (AT 22.) However, at step five, the ALJ found that, considering plaintiff's age, education, work experience, and RFC, and based on the VE's testimony, there were jobs that exist in significant numbers in the national economy that plaintiff could perform. (Id.) Consequently, the ALJ concluded that plaintiff had not been under a disability, as defined in the Act, from September 4, 2012, plaintiff's SSI application date, through October 21, 2014, the date of the ALJ's decision. (AT 23.)

////

////

////

---

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

4

B.  **Plaintiff's Substantive Challenges to the Commissioner's Determinations**

*Whether the ALJ improperly weighed the medical opinion evidence*

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Holohan v. Massanari, 246 F.3d 1195, 1201-02 (9th Cir. 2001); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Generally speaking, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a non-examining physician's opinion. Holohan, 246 F.3d at 1202.

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 830-31. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons. Id. at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). The regulations require the ALJ to weigh the contradicted treating physician opinion, Edlund, 253 F.3d at 1157,[4] except that the ALJ in any event need not give it any weight if it is conclusory and supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a non-examining professional, by itself, is insufficient to reject the opinion of a treating or examining professional. Lester, 81 F.3d at 831.

In this case, the ALJ reasonably discounted the opinion of plaintiff's treating physician,

---

[4] The factors include: (1) length of the treatment relationship; (2) frequency of examination; (3) nature and extent of the treatment relationship; (4) supportability of diagnosis; (5) consistency; and (6) specialization. 20 C.F.R. § 404.1527.

Dr. Donald Powell, who indicated *inter alia* that plaintiff had little to no ability to reach, grasp, and manipulate objects; was incapable of even low stress work; and would be absent from work more than four days per month. (AT 483-87.) As the ALJ observed, Dr. Powell only treated plaintiff three times, the last time being in August 2013, before he provided his opinion in February 2014. (AT 22.) Moreover, Dr. Powell's severe opinion was inconsistent with plaintiff's conservative treatment with only oral medication and plaintiff's activities, which included making coffee, washing and combing her hair, and going grocery shopping, suggesting that plaintiff was not as severely limited in her fine and gross manipulation as Dr. Powell opined. (Id.) Therefore, the court finds no reversible error with respect to the ALJ's evaluation of Dr. Powell's opinion.

The ALJ also partially discounted the opinion of the consultative examiner, Dr. Bao Nguyen. (AT 21, 476-80.) Dr. Nguyen personally examined plaintiff; diagnosed plaintiff with rheumatoid arthritis, systemic lupus erythematosus, and high blood pressure; and opined *inter alia* that plaintiff could lift and carry 15 pounds occasionally and 10 pounds regularly; could stand and walk for six hours out of an eight-hour workday; had no sitting limitations; and could occasionally do simple grasping and fine manipulation. (AT 479.)

The ALJ found Dr. Nguyen's fingering and manipulative limitations to be overly restrictive, because plaintiff's "good activities of daily living, such as making coffee, grocery shopping, and combing her hair, do not support the severity of [her] restrictions." (AT 21.) However, although plaintiff acknowledged performing those activities, she also testified that she had difficulty doing so, receiving assistance from another individual during shopping trips and using a cart at the grocery store to move around. (AT 36-37, 43-44.) Although plaintiff's activities were inconsistent with Dr. Powell's severe opinion that plaintiff had essentially little to no ability to reach, grasp, and manipulate, her level of activities is not obviously inconsistent with the occasional simple grasping and fine manipulation limitations assessed by Dr. Nguyen. Additionally, the ALJ entirely failed to explain why he rejected Dr. Nguyen's assessed lifting limitations. Moreover, the court on this record cannot find that the ALJ's errors were harmless, because the ALJ did not solicit vocational expert testimony that adequately accounted for Dr. Nguyen's proposed limitations.

Accordingly, the court remands the action for further consideration of Dr. Nguyen's opinion. The ALJ may also choose to further develop the record, such as by obtaining additional medical opinions or supplemental vocational expert testimony, if appropriate. Importantly, the court does not instruct the ALJ to credit any particular medical opinion. Indeed, the court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved, on remand, provided that the ALJ's decision is based on proper legal standards and supported by substantial evidence in the record as a whole.

*Whether the ALJ erroneously discounted plaintiff's credibility*

In light of the court's conclusion that the case should be remanded for further consideration of the medical evidence, the court declines to reach the issue of plaintiff's credibility. The ALJ will have an opportunity on remand to reconsider her assessment of plaintiff's credibility, if appropriate.

V.  CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 16) is GRANTED IN PART.
2. The Commissioner's cross-motion for summary judgment (ECF No. 17) is DENIED.
3. The final decision of the Commissioner is REVERSED, and the action is REMANDED for further administrative proceedings consistent with this order pursuant to sentence four of 42 U.S.C. § 405(g).
4. The Clerk of Court shall close this case.

Dated: November 14, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE